THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
*v.* GEORGE W. EVANS, APPELLANT.

*Evidence — dying declarations only admitted when the person is wholly without hope of recovery.*

Upon the trial of the defendant for the murder of one Currie, a statement made
by Currie at a hospital four days before his death was received in evidence.
In answer to the question "Do you believe that you are about to die?" Currie
replied "Yes;" and to the question "Have you any hope of recovery from
the effects of the injury you have received?" he said "It is hard for me
to say."

*Held,* that the answers did not show that Currie was wholly without hope of
recovery, and that the court erred in admitting the declaration.

APPEAL from a judgment of the Court of Oyer and Terminer,
convicting the appellant of manslaughter in the first degree,
and sentencing him to fifteen years' imprisonment in the State
prison.

*Howe & Hummel,* for the appellant.

*D. Nicoll,* for the respondent.

DAVIS, P. J.:

The prisoner was indicted and tried for the crime of murder, but
was convicted of the crime of manslaughter in the first degree.
The alleged crime was committed by shooting one Thomas Currie.
A statement was made by Currie at the New York Hospital, on the
1st day of February, 1885, which was four days before the death
of Currie. That part of the statement upon which the question in
this case arises was in these words:

CITY AND COUNTY OF NEW YORK, *ss.:*

Statement of Thomas Currie, now lying dangerously wounded at
the New York Hospital, in the Eighteenth ward of said city and
county, on the 1st day of February, 1885.

Q. What is your name? A. Thomas Currie.

Q. Where do you live? A. I reside at 23 Bond street, New
York city.

Q. Do you believe that you are about to die? A. Yes.

Q. Have you any hope of recovery from the effects of the injury you have received? A. It is hard for me to say.

Currie then proceeded to make a statement, which tended to show that he was shot by the prisoner under circumstances which warranted his conviction. The only question is whether this statement was properly admitted as the dying declarations of the deceased. To render such declarations admissible, the rule as established by the authorities is in these words: " That the declarant must not only believe that he is about to die, but must be without hope or expectation of recovery." The statement in this case shows that Currie, the deceased, did believe that he was about to die, but was unable to say that he was without any hope of recovery. To the question, " Have you any hope of recovery?" his answer was, " It is hard for me to say," which was not equivalent, we think, to saying that he was wholly without hope, or to give the most favorable construction, that it was hard for him to say whether he had any hope of recovery or not. In any construction it leaves the fact whether the declarant was without hope one not clearly shown by his statement. If he had hope or had no hope he could have answered the question as distinctly as he did the former one, " Do you believe you are about to die?" and failing to do that, the prerequisites which the law requires were not established. The law takes such dying declarations, where the prerequisites appear, in place of sworn testimony on the trial of an accused party, because it regards one who believes himself about to die, and who entertains no hope whatever of recovery, is in a condition equal in solemnity to that of the witness who speaks under an oath taken in the presence of the court. But it does not deem such declarations as evidence unless that solemnity is established by proof or declaration of the two facts, to wit, that the declarant believes himself about to die, and is wholly without hope of recovery. We think in this case the declaration of the deceased failed to show enough to entitle it to be read under the rules, and for its reception in evidence the judgment must be reversed and a new trial ordered.

The evidence touching the knife found on the prisoner when arrested, an hour after the crime, was admitted without objection. The court refused a motion afterwards made to strike it out. We do not feel called upon to pass upon the correctness of this ruling,

based as it evidently was upon the omission of the counsel to make the objection at the proper time, because it is clearly apparent that there must be a new trial of the case upon the other exception.

The judgment should be reversed and a new trial ordered.

BRADY and DANIELS, JJ., concurred.

Judgment reversed, new trial ordered.